UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WHYTWAN VERSEY
and
JACQUELINE WASHINGTON,

           Plaintiffs,

v.                                             Eastern District Case No. 24-C-1142

CASEY EBERT, JUSTIN JOLLIFF,
ROBERT ROEMBKE, ROLANDO FRANCO
and
CITY OF MILWAUKEE,

           Defendants.

---

## JOINT RULE 26(f) REPORT
_____

Plaintiffs, Whytwan Versey and Jacqueline Washington ("Plaintiffs"), through their undersigned attorney, and Defendants, Casey Ebert, Justin Jolliff, Robert Roembke, Rolando Franco, and the City of Milwaukee. ("Defendants"), through its undersigned attorneys, pursuant to Fed. R. Civ. P. 26(f) and the Court's Order in ECF 3, submit the parties' Joint Rule 26(f) Report.

Counsel for the parties conferred on the matters set forth in Fed. R. Civ. P. 26 on September 24, 2024 and discussed all of the issues required by Rule 26(f). All parties have had the opportunity to review and consent to the filing of this Joint Rule 26(f) Report. For the Rule 16 Scheduling Conference, Attorney Mark L. Thomsen, counsel for Plaintiffs, will participate and be available at (414) 935-5482, and counsel for defendants, Attorneys Jennifer Williams will participate and be available at (414) 286-2601.

1. <u>Initial Disclosures</u>. The parties agree to exchange initial disclosures as required under Rule 26(a) within 14 days of filing this document.

2. <u>Nature of the Case</u>. Plaintiffs have brought this action under 42. U.S.C. §1983 of the Civil Rights Act of 1964, and have alleged unreasonable search and seizure, failure to intervene, and punitive damages. The defendants deny such assertions.

3. <u>Amend Pleadings</u>. Plaintiffs anticipate filing any amended pleadings within 120 days from September 24, 2024.

4. <u>Joining Other Parties</u>. Neither party anticipates joining other parties.

5. <u>The Nature of Discovery</u>. The Parties agree that the timing, extent, and limitations on discovery shall be those set forth in the FEDERAL RULES OF CIVIL PROCEDURE and the Court's local rules and by the Court's customary Scheduling Order. Both Parties reserve the right under FED. R. CIV. P. 30(a) to move for additional fact depositions or interrogatories. At this time, the Parties do not anticipate any special issues related to the disclosure or discovery of electronic information but will promptly address any issues that do arise during the course of discovery. The Parties agree to make any and all necessary efforts to preserve all discoverable information, including electronically stored information.

6. <u>Privilege</u>. The Parties shall comply with Fed. R. Civ. P. 26(b)(5) relative to asserting claims of privilege or protection as trial preparation material after information is produced. The parties agree that any information which may be used for identity theft such as social security numbers, bank account numbers, insurance policy numbers or any other similar information may be redacted by the party producing the document and shall be redacted in the event the document is presented as evidence before the court. The Parties do not currently

anticipate that they will need to stipulate to a protective order for certain information to be provided in discovery but will meet-and-confer should the need arise.

The parties confirm that documents filed through the Court's ECF system are served by ECF notification. The parties consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E). The parties agree that copies of all written discovery requests and proposed findings of fact shall be provided and/or served electronically in a format editable by the other party (such as Word format), and that copies of all proposed findings of fact as required by the Court's standing order regarding summary judgment motions shall be served electronically in a similar editable format.

7. <u>Motions Contemplated by the Parties.</u> Defendant anticipates the filing of a Motion for Summary Judgment after the close of discovery. Plaintiffs do not immediately anticipate filing a Motion for Summary Judgment but reserve the right to do so.

8. <u>Length of Trial</u>. The parties' best estimate is that the trial in this matter may take three (3) days, including liability and damages.

9. <u>Request for Jury Trial</u>. Plaintiff has submitted a demand for a jury trial. The parties anticipate being prepared for trial on a date to be determined by the Court.

10. <u>Settlement Discussions</u>. The parties have not discussed settlement, but will consider engaging in such discussions as litigation proceeds.

**Proposed Case Schedule**

| October 18, 2024 | Initial Rule 26(a) Disclosures Due |
|---|---|
| January 31, 2025 | Deadline to File Amendments Without Leave of Court |
| February 28, 2025 | Plaintiff's Expert Witness Disclosures Due (if any) |

| March 28, 2025 | Defendant's Expert Witness Disclosures Due (if any) |
|---|---|
| May 30, 2025 | Close of Discovery |
| June 30, 2025 | Dispositive Motions Due<br>(30 and 21-day briefing schedule) |

Dated: October 4, 2024            GINGRAS THOMSEN & WACHS, LLP

*s/ Mark L. Thomsen*
Mark L. Thomsen, Esq.
State Bar No. 1018839
Isaac P. Huettl, Esq.
State Bar No. 1122828
219 N. Milwaukee St., Suite 520
Milwaukee, WI 53202
(414) 935-5482
Email: mthomsen@gtwlawyers.com
Email: Ihuettl@gtwlawyers.com
*Attorney for Plaintiffs*

Dated: October 4, 2024            EVAN C. GOYKE
City Attorney

*s/ Jennifer L. Williams*
Jennifer L. Williams
Assistant City Attorney
State Bar No. 1058087
200 East Wells Street
City Hall 800
Milwaukee, WI 53202
414-286-2601 – Telephone
414-286-8550 – Facsimile
Email: jewill@milwaukee.gov
*Attorneys for Defendants*

1032-2024-1400.001/293461